UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
10 MAR 18 AM 9:31
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| KIMBERLY ANN BIR, individually and on behalf of those similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: ) 1:10-cv- 318 RLY-TAB |
| TALECRIS PLASMA RESOURCES, INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kimberly Ann Bir ("Plaintiff" or "Bir"), individually and on behalf of those similarly situated, by counsel, brings this action against Talecris Plasma Resources, Inc. ("Defendant" or "Talecris") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and shows as follows:

### OVERVIEW

1. Defendant failed to pay Bir, and those similarly situated to her, in accordance with the overtime requirements of the FLSA. Specifically, Bir, and those similarly situated, were misclassified as exempt from the overtime provisions of the FLSA, and as a result Defendant did not pay overtime at the statutorily prescribed rate of one and one-half times the regular rate for hours in excess of forty (40) in a workweek. Bir brings this collective action pursuant to 29 U.S.C. §216(b).

### PARTIES

2. Bir is an individual who resides in Madison County, Indiana. She was employed by Talecris within the three year period preceding the filing of this Complaint. At all times

relevant to this action, she was an employee within the meaning of the FLSA, 29 U.S.C. §203(e), and was an employee engaged in commerce or the production of goods for commerce, as required by 29 U.S.C. §207. Her written Consent to Join is attached as "Exhibit A."

3. Talecris is a North Carolina corporation doing business in Indiana.

4. Talecris acted, directly or indirectly, in the interest of an employer with respect to Bir and others similarly situated. Talecris is an employer within the meaning of the FLSA, 29 U.S.C. §203(d)

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1331 because Plaintiff asserts a claim arising under federal law.

6. Venue is appropriate in the Southern District of Indiana because Bir resides in this District, and the events forming the basis of the suit occurred in this District.

## FLSA COVERAGE

7. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

8. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1)(A), in that the enterprise had employees engaged in commerce and had annual gross volume of sales made or business done of not less than $500,000.

9. At all times hereinafter mentioned, Plaintiff has been an employee "engaged in commerce or in the production of goods for commerce."

## FACTS

10.  Talecris collects human plasma at locations throughout the United States.

11.  Bir was employed by Defendant in the position of Quality Supervisor from approximately September 2007 through September 2008.

12.  Talecris Quality Supervisors ensure plasma center compliance with all applicable state, federal, and internal regulations.

13.  Talecris Quality Supervisors ensure that plasma shipments meet specifications and requirements mandated by state, federal, and internal regulations.

14.  Talecris Quality Supervisors are responsible for accurate labeling and documentation of shipments.

15.  Talecris Quality Supervisors document and track quality incidents.

16.  Talecris Quality Supervisors perform internal process reviews, audits, and investigations.

17.  Talecris maintains a copy of its Standard Operating Procedures ("SOPs") at each of its plasma collection centers.

18.  Talecris classified the position of Quality Supervisor as exempt from the overtime provisions of the FLSA.

19.  Bir did not perform work that would qualify her as exempt from the overtime provisions of the FLSA.

20.  Bir regularly worked in excess of forty (40) hours in a workweek.

21.  Bir was not paid overtime wages at one and one-half times her regular rate for hours worked in excess of forty (40) in a single workweek.

22.  Talecris did not record or keep records of the number of hours worked by Bir.

3

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

23. Defendant operates approximately seventy-one (71) locations in twenty-four (24) states, including two (2) locations in Indiana.

24. Plaintiff is similarly situated to other of Defendant's Quality Supervisor employees in that the practice or policy of misclassifying Quality Supervisors as exempt employees affected all current and former employees who worked for Defendant as Quality Supervisors ("Members of the Class").

25. Plaintiff and Members of the Class have the same or similar job titles.

26. Defendant's failure to pay overtime compensation as required by the FLSA results from a policy or practice applicable to Plaintiff and the Members of the Class. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime to Plaintiff applied to all Members of the Class. Accordingly, the class is properly defined as:

**All current and former employees of Defendant who worked as Quality Supervisors.**

27. Defendant, in carrying out its illegal policy or practice of failing to pay overtime compensation to Plaintiff and Members of the Class, acted knowingly, willfully, or with reckless disregard with respect to their rights.

### COUNT I: VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §207

28. Plaintiff incorporates Paragraphs 1 –27 of this Complaint by reference.

29. During the relevant time period, Defendant has violated and is violating the provisions of 29 U.S.C. §207 by employing Bir and the Members of the Class in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the

FLSA for workweeks longer than 40 hours without compensating these employees for their work in excess of forty hours per week at the rates required by the FLSA.

30. Defendant acted knowingly, willfully, or with reckless disregard to the rights of Bir, and those similarly situated, in unlawfully classifying them as exempt from the overtime provisions of the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff, individually and on behalf of those similarly situated who join in this action, demands:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and those who join this suit, as well as liquidated damages equal in amount to the unpaid compensation found due;

b. An Order awarding Plaintiff and those who join this suit the costs of this action;

c. An Order awarding Plaintiff and those who join this suit their attorneys' fees and costs;

d. An Order awarding Plaintiff and those who join this suit pre- and post-judgment interest at the highest rate allowed by law;

e. An Order enjoining Defendant from further unlawful misclassification of Quality Supervisors as exempt from the overtime provisions of the FLSA; and

f. An Order granting such other and further relief this Court deems necessary and appropriate.

Respectfully submitted,

_____
Philip J. Gibbons, Jr. (#19353-49)

_____
Andrew G. Jones (#23020-49)


GIBBONS JONES, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 130
Indianapolis, Indiana 46290
Telephone:   (317) 706-1100
Facsimile:   (317) 616-3336
E-Mail:      pgibbons@gibbonsjones.com
             ajones@gibbonsjones.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of others similarly situated, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

*[signature]*

Philip J. Gibbons, Jr. (#19353-49)
Andrew G. Jones (#23020-49)

GIBBONS JONES, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 130
Indianapolis, Indiana 46290
Telephone:   (317) 706-1100
Facsimile:   (317) 616-3336
E-Mail:      pgibbons@gibbonsjones.com
             ajones@gibbonsjones.com

Attorneys for Plaintiff